375 P.2d 31

James W. CHURCH, Plaintiff and Appellant,

v.

The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, Defendant and Respondent.

No. 9605.

Supreme Court of Utah.

Oct. 5, 1962.

------◆------

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

VanCott, Bagley, Cornwall & McCarthy, Clifford L. Ashton and Grant Macfarlane, Jr., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from the dismissal of an action under the Federal Boiler Inspection Act.[1] Affirmed. Costs to defendant.

Church, a fireman on the line since 1941, sustained an injury to his finger on the occasion of an insulated, metal door jamming it when it closed while he was going from the rear portion of a four unit diesel engine, into the cab or control area up front. No evidence showed any defect in the door, or that there was any foreign material thereon. It was shown that a window in the cab was open, and Church urges that it permitted air or wind pressure to slam the door, wrested the door handle from his hand, catching and crushing his hand.

Mr. Church admitted he had gone through this and similar doorways literally thousands of times. The doors were standard equipment on diesels, made by General Motors. They were used not only by defendant but by other roads, including Western Pacific, Southern Pacific and Union Pacific. Nonetheless, he says the door could have been engineered for more safety by having air vents therein and door stops thereon. He conceded that the vents would defeat the purpose of the insulated door by permitting noise from the rear to enter the cab, resulting in interference with communications between those operating the train. As to door stops, he had never seen one on this type unit. Uncontradicted testimony indicated that installation of such a door stop actually would accentuate the hazard, not diminish it.

Plaintiff urges that something safer could have been employed,—that his injury was caused by a device that was not employable without "unnecessary peril to

1. 45 U.S.C.A. § 23 et seq.

life or limb." There is nothing in the record to indicate a violation of the Boiler Act, nor is there anything that would meet the standards set by this court calling for compensable responsibility.[2]

Plaintiff's authorities largely deal with F.E.L.A. cases having to do with *negligence*. Under the pleadings and facts here, we think them inapplicable. His authorities under the Boiler Act deal with situations covered by the Ehalt case, supra, having to do with defect or presence of foreign material.

■ Mere injury cannot predicate recovery under the Act. So far as the proof here is concerned, that is all that was established. The contention that a jury question was presented seems untenable, therefore. We do not consider this a "close or doubtful case" referred to in Bailey **v.** Central Vermont Ry.,[3] upon which plaintiff strongly leans, which sanctions jury deliberation in such cases. We conclude as we do with respect for the jury system, its function, and the authorities cited by plaintiff pointing up the importance of the jury system.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

2. Ehalt v. McCarthy, 104 Utah 110. 138 P. 2d 639 (1943).

3. 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444.